Tukley, J.
delivered the opinion of the court.
This is an action of ejectment brought to recover possession of the premises in dispute, an island in the Tennessee river. The bill of exceptions shows that the lessor of the plaintiff *204 claims title by virtue of entries made in the Ocoee District, and a grant thereon from the State of Tennessee; that the entries are Nos. 45, 44, 53, 154, and bear date 5th, 6th,. and 12th of November, 1838, and the grant bears date the 31st, January, 1839; that the lands thus entered and granted, were ceded to the United States by treaty with the Cherokee nation of Indians in 1819, and formed a part of the Hiwassee District; that the lands forming the Ocoee District were ceded to the U. States by a treaty made with the same nation in 1835, and that the surveyor of the Ocoee District in making a survey and general plan for the district, included the island in dispute.
Upon the trial the Judge charged the jury, “that if the lands entered by the lessor of the plaintiff, and granted to him by the State did not constitute a part of the Ocoee District, as the same was established by law, the entries and grant communicated no title to him, and that he could not recover in this action;” and there was a verdict and judgment accordingly for the defendant.
The plaintiff in error does not controvert the fact, that the lands sued for were ceded by the treaty of 1819, and form a part of the Hiwassee District, and not of the Ocoee; but contends, that in as much as the surveyor of the Ocoee District has by his survey included the same in that district, and placed it down upon the general plan as a part thereof; that the defendant had the right to enter it in the office of said district, and that the State of Tennessee having issued a grant therefor, all persons are estopped from controverting the same.
This argument cannot be sustained. Ever since the case of Polh’s lessee vs. Wendell and others, decided by the Supreme Court of the United States, and reported in the second Tennessee Reports, 433, it has been held that entries and grants are void, and may be resisted in a trial in ejectment, whenever there is want of property in the grantor, or want of power in the officers appointed by the government to receive the entries or issue the grants. The principles of this decision have been recognized by the Supreme Court of this State in the cases of Fentress' lessee vs. Western, decided at Charlotte in 1S20, not reported, and in the case of McLemore’s lessee vs. Wright, decided *205 at Rcynoldsburgh in 1829, and reported in 2 Yerg. Rep. 326. In the case now under consideration, the lands in dispute constituting a part of the Hiwassee District, were not included by the lines of the Ocoee District; the surveyor, then, in extending the lines so as to embrace it, was acting out of the sphere of the authority vested in him, and his act was void; being void, the act cannot be construed to have made these lands a part of the Ocoee District; not being such, the entry taker had no power to receive entries therefor, as his power was limited to the reception of entries of land in the Ocoee District; he háving no power to receive the entries, they are void; and of course a grant issued upon them by the Governor of the State is also void, because he has no power to issue grants, except upon valid entries. The lessor of the plaintiff, then, had no title to the premises in dispute, and the judgment of the Circuit Court must be affirmed.